NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. NORMAN EUGENE OTTO, Defendant - Appellant. | No. 25-2258 D.C. No. 3:24-cr-00034-RRB-KFR-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted April 16, 2026**
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Appellant Norman Otto pleaded guilty to a charge of knowingly failing to register and update his sex offender registration as required by the Sex Offender Registration and Notification Act ("SORNA") and now appeals the district court's

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentence of forty-two months of imprisonment. We have jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291 and affirm.

1. Even assuming the district court abused its discretion by overruling Otto's objections to the presentence report ("PSR"), such error was harmless. Any procedural error during sentencing is harmless if "there is no evidence any of the[] alleged errors, if changed, would result in a shorter sentence for [the defendant]." *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010). The sentencing colloquy demonstrates that no part of the district court's sentencing decision turned on the factual portions of the PSR to which Otto objected. Because the district court (1) calculated Otto's total offense level and (2) sentenced Otto without any reference to or reliance upon the disputed factual statements, there is no reason to conclude that Otto's sentence was affected by any error the district court may have made.

2. Because Otto did not object to consideration of the PSR supplement, we review the district court's consideration of the victim impact statement for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The district court did not commit plain error by considering the PSR supplement. "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). A "district court may rely on undisputed statements in the PSR at sentencing," *id.* at 1085 (citation omitted), and

"is certainly entitled likewise to draw reasonable inferences" from those statements, *United States v. Robelo*, 596 F.2d 868, 870 (9th Cir. 1979).

The district court did not commit plain error by considering and relying upon the victim statement while sentencing Otto. On appeal, Otto argues that—though he did not formally object to the PSR supplement—he did dispute the mother's allegation that he had been grooming her minor daughter. But while sentencing Otto, the district court did not merely adopt the disputed allegation that Otto had been grooming the minor daughter. Instead, the district court independently considered the undisputed portions of the victim impact statement to determine the appropriate sentence. The district court specifically discussed (1) Otto's multiple, undisputed prior child sex abuse convictions; (2) Otto's undisputed and intentional failure to register as a sex offender; (3) Otto's undisputed concealment of his sex offender status from the mother; (4) Otto's undisputed deception of the mother with false biographical details; and (5) Otto's admission that he had spent time alone with the minor daughter. Based on these undisputed facts, the district court independently concluded that Otto was either "grooming or setting up a situation where that could happen if the right child were there." This reasonable inference was not error.

**AFFIRMED.**